**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KELLY JAMES,<br><br>Plaintiff,<br><br>vs.<br><br>CHICAGO POLICE OFFICER M.R. CHERNIK, Star #3491, CHICAGO POLICE OFFICER P.R. PERAINO, Star #15396, individually and as employees/agents for the CITY OF CHICAGO, a Municipal Corporation, | ) | **Case No. 14 CV 03661**<br><br>JUDGE AMY ST. EVE<br><br>Magistrate Judge Cox |

**DEFENDANTS' *UNOPPOSED* MOTION TO STAY PENDING THE OUTCOME OF THE UNDERLYING CRIMINAL PROCEEDINGS**

Defendant Chicago Police Officers Paul Peraino and Michael Chernik ("Defendants"), by and through one of their attorneys, Julian Johnson, Assistant Corporation Counsel for the City of Chicago, respectfully request this Honorable Court to stay the present proceedings until the completion of Plaintiff Kelly James' underlying criminal case. In support of this motion, Defendants states as follows:

1. On May 19, 2014, Plaintiff filed her Complaint against Officers Chernik and Peraino, alleging violations of her constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.). Specifically, Plaintiff claims that the Defendants falsely arrested her, maliciously prosecuted her and failed to investigate. *Id*.

2. Plaintiff's claims arise out of an incident that occurred on October 4, 2014 in which Plaintiff was arrested and charged with the Class A misdemeanor of resisting or obstructing a peace officer in violation of 720 ILCS 5.0/31-1-A.

3. Plaintiff's underlying criminal case, *People v. Kelly James*, Case No.

13123501801, is currently pending in the Circuit Court of Cook County, Illinois. The case is scheduled to go to trial on March 3, 2015.

4. In light of the fact that Plaintiff's criminal case is currently pending, Defendants file the instant motion to stay based on the *Younger* abstention doctrine.

5. In *Younger v. Harris*, the United States Supreme Court held that the principle of comity between federal and state courts requires that federal courts abstain from enjoining ongoing state criminal proceedings absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 53 (1971).

6. In *Simpson v. Rowan*, the Seventh Circuit held that the *Younger* abstention doctrine extended to civil cases in which "the relief sought in federal courts is damages for misconduct in an underlying criminal case." *Simpson v. Rowan*, 73 F. 3d 134. 137 (1996). In *Simpson*, the court held that it was appropriate to stay a plaintiff's Section 1983 civil rights lawsuit seeking damages for false arrest and illegal search during the pendency of the state criminal proceedings. *Id.* at 137-138. Furthermore, the court noted that "[t]he policy against federal interference with pending state proceedings" would be frustrated where a plaintiff's Section 1983 lawsuit could require a federal court to decide issues "that are potentially subject to adjudication" in the underlying criminal proceedings. *Id*. at 38.

7. To determine whether the *Younger* abstention doctrine is applicable, a court must consider whether litigating the claims presented in the federal lawsuit could interfere with the ongoing state proceedings. *See Robinson v. Lother*, 2004 WL 2032120, at *2 (N.D. Ill., September 1, 2004). In this case, there is clearly "potential for federal-state friction." *Simpson*, 73 F. 3d at 138. For example, if this Court were to find that Plaintiff was falsely arrested and maliciously prosecuted, it would undermine a state court ruling that Plaintiff is guilty of the

charge of resisting or obstructing a peace officer, should such a guilty finding be made later in state court. Thus, a stay of Plaintiff's civil rights case is appropriate here because there is the possibility that the federal court "could beat the state action to judgment and either undermine or preclude the State's consideration of some issues." *Robinson*, 20004 WL 2032120, at *2 (internal citations omitted).

8. A court should also consider the following factors in determining whether a stay is appropriate:

> (1) whether the civil and criminal proceedings involve the same subject matter; (2) whether the government has initiated both proceedings; (3) the posture of the criminal proceeding; (4) the effect on the public interest of granting or denying a stay; (5) the interest of Plaintiffs in proceeding expeditiously, and the potential prejudice that Plaintiffs may suffer from a delay; and (6) the burden that any particular aspect of the civil case may impose on Defendants if a stay is denied.

*Salcedo v. City of Chicago*, 2010 WL 2721864, *2 (N.D. Ill.July 8, 2010).

9. In this case, based on the factors outlined above, Plaintiff's civil rights lawsuit should be stayed during the pendency of her state criminal proceedings. First, the civil and criminal matters involve exactly the same subject matter and incident. Second, although the parties are not identical, the same witnesses will testify in both the civil and criminal cases. Third, the criminal proceeding has been ongoing for over a year. Therefore, there is a decreased likelihood of significant delay before the charges reach final disposition. *See Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 946 (N.D. Ill. 2008). Fourth, the public has an interest in ensuring that the criminal process remain untainted by civil litigation. *Id*. at 947. Finally, in addressing the remaining factors, a stay of the present case would be in the best interest of both parties. If the present case were not stayed, Plaintiff would be forced to choose between waiving her Fifth Amendment privilege against self-incrimination or invoking the privilege and risking that it would be used as the basis for an adverse inference against him in the civil case. *See*

*Chagolla*, 529 F. Supp. 2d at 945. Additionally, if Plaintiff invokes her Fifth Amendment privilege, Defendants would be prejudiced by the fact they would be unable to engage in any meaningful discovery in this case. Accordingly, the Court should stay Plaintiff's civil rights lawsuit against Defendants until the completion of the underlying state criminal proceedings against Plaintiff.

10. The parties have conferred and Plaintiff's counsel does not object to Defendants' request to stay the proceedings.

WHEREFORE, Defendants respectfully requests that this Court stay the present case until the conclusion of Plaintiff's underlying state criminal proceedings.

Respectfully submitted,

**Dated**: November 26, 2014

/s/Julian Johnson
Assistant Corporation Counsel
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-0333
Attorney No. 6306259