**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Kelly James, | ) | |
| | ) | No.     14 C 3661 |
| | ) | |
| Plaintiff, | ) | Judge St. Eve |
| | ) | |
| vs. | ) | Magistrate Judge Cox |
| | ) | |
| Chicago Police Officer Chernik, et al., | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO COMPEL DISCOVERY

Defendants, Chicago Police Officers Michael Chernik and Paul Peraino ("Defendants"), by and through one of their attorneys, Julian Johnson, Assistant Corporation Counsel for the City of Chicago, respectfully move this Court to compel Plaintiff pursuant to FRCP 37(a)(1) to respond to Defendant Chernik's First Set of Interrogatories and First Set of Requests to Produce.

In support of this motion, Defendants state as follows:

1. On May 19, 2014, Plaintiff filed a lawsuit alleging violations of 42 U.S.C. § 1983. Dkt. 1.

2. The undersigned filed his appearances on September 19, 2014 and filed Defendants' Answer to Plaintiff's complaint on October 23, 2014. Dkt. 10 & 15.

3. On October 11, 2014, Defendants filed a motion to stay the current proceedings pending the outcome of Plaintiff's underlying criminal case. Dkt. 18. The Court granted Defendants' motion to stay. Dkt. 20.

4. On March 19, 2015, this Court lifted the stay and ordered the parties to exchange Rule 26(a) initial disclosures by March 26, 2015, issue written discovery by April 7, 2015, and set a fact discovery cutoff date of September 18, 2015. Dkt. 21.

5. On Mach 26, 2015, Defendants attempted to hand deliver their Rule 26(a) initial disclosures, first set of written interrogatories and request to produce to Plaintiff at 321 N. Clark Street, an address previously provided to defense counsel by Plaintiff but was unable to effect service. Defense counsel was informed by his process server that Plaintiff's counsel was no longer listed at that address. Defense counsel attempted to serve the written discovery on Plaintiff again on April 1, 2015 at 2 N. LaSalle Street, the address Plaintiff has listed with the Court's ECF filing system. However, this attempt was also unsuccessful as defense counsel was told Plaintiff's counsel did not have an office there. Defense counsel was able to reach Plaintiff's counsel via email and obtain a new address to send the written discovery. Defendant served Plaintiff with the written discovery on April 2, 2015.

6. At the May 14, 2015 status hearing, Plaintiff's counsel represented to this Court that he would be tendering Plaintiff's overdue responses to Defendants' written discovery by May 15, 2015. Defendants did not receive them on that date.

7. Defense Counsel sent Plaintiff a letter via email and U.S. mail on June 1, 2015 requesting that Plaintiff provide her responses by June 5, 2015. *See* Attached Exh. A (June 1, 2015 correspondence to Plaintiff). Plaintiff responded to Defendants' letter on June 9, 2015 stating that he'd provide the responses by June 11, 2015. *See* Attached Exh. B (June 9, 2015 email exchange between Plaintiff's and defense counsel). Defendants did not receive Plaintiff's responses on June 11, 2015.

8.     On June 19, 2015, Defense counsel sent Plaintiff's counsel another letter inquiring into the status of Plaintiff's overdue discovery responses and requesting that he provide them to us. *See* Attached Exh. C (June 19, 2015 correspondence to Plaintiff's counsel[1]). To date, Plaintiff has not responded to that letter nor tendered her responses.

9. As noted above, discovery closes on September 18, 2015. Plaintiff's responses to written discovery are necessary so that Defendants can prepare an adequate defense in this matter.

10.    Federal Rule of Civil Procedure 37(a)(3)(A) authorizes a party to compel disclosure when any other party fails to make a disclosure required by Rule 26(a). Fed. R. Civ. P. 37(a)(3)(A). Rule 37(a)(3)(B)(iii) and (iv) moreover authorizes a party to move to compel responses when any other party fails to answer an interrogatory submitted under Rule 33 and fails to respond to requests made under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

11.    Defense counsel has made a good faith effort to confer with Plaintiff's counsel regarding the outstanding responses to written discovery and to comply with the requirements of Local Rule 37.2 to resolve this issue. But Plaintiff's counsel has not responded to defense counsel's correspondence nor given an indication as to when Defendants will receive the responses.

**Wherefore**, Defendants respectfully request that this Court compel Plaintiff to answer Defendants' outstanding written discovery and for such other relief as the Court deems just and appropriate.

---

[1] The June 19, 2015 letter requests that Plaintiff tender her responses to Defendants' written discovery by June 16, 2015. This was a typographical error that should've read June 24, 2015. Despite that error, Plaintiff's counsel did not contact Defense counsel to discuss when he could provide the responses.

**Dated**: June 29, 2015 /s/Julian Johnson
Assistant Corporation Counsel
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-0333
Attorney No. 6306259

**Certificate of Service**

I, Julian Johnson, certify that on June 29, 2015 I served a copy of **Defendants' Motion to Compel Discovery** on Plaintiff via the court's ECF filing system.

/*s*/ Julian Johnson